## EDD QUEEN v. STATE.

No. A-5231. Opinion Filed Dec. 12, 1925.
Rehearing Denied Dec. 4, 1926.
(250 Pac. 935.)

Fred L. Hoyt, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Dewey county on a charge of selling intoxicating liquor, the plaintiff in error, hereinafter called defendant, has appealed.

The only question raised is that the evidence is insufficient to sustain the verdict. The principal evidence on the part of the state is that of Fred Horton, who was employed and deputized by the sheriff of Dewey county to discover violations of the liquor law. He testified that he went to the residence of the defendant, purchased from him a quart of whisky, and paid for it a sum of $2.50, and that he took the whisky and delivered it to the county attorney, and it was by the county attorney identified and admitted in evidence. So far as we can determine from the record, the evidence of this witness is true. The defendant denies that he sold the witness Horton any whisky, but on the contrary says that when the witness came to his place he suggested that he had some whisky and brought a bottle from his car out of which they drank. He also offers the evidence of one Balfour, who at the time was driving a car in which the witness Horton was traveling, and who in the main corroborates the defendant and testifies that Horton at the time produced a bottle from his car out of which Horton and the defendant drank.

Also defendant introduced one Harding, who in the main corroborates the defendant, and the witnesses Crow, Cleveland, Terrell, and Bauldin, whose testimony is to the effect that on other occasions they had seen the witness Horton when he appeared drunk or to have been drinking. So far as the weight of the evidence is concerned, if we measure the weight by the number of

witnesses testifying, it preponderates strongly in favor of the defendant; but the preponderance is not to be determined by the number of witnesses testifying for or against a defendant or upon any particular point. The preponderance simply means the greater weight of evidence, and, since the jury are the exclusive judges of the facts, it is for them to say whom they will believe or disbelieve, and that is to be arrived at by the various things that impress a juror with the truth or falsity of the evidence, among which is the appearance of the witness on the stand, his manner of testifying, his apparent candor and frankness, or the lack thereof. It sometimes happens that the testimony of one witness may outweigh that of several testifying to the contrary. Cochran v. U. S., 14 Okla. 108, 76 P. 672; Cole v. State, 16 Okla. Cr. 420, 183 P. 734.

In this case the jury saw the witnesses, heard the testimony, and by their verdict say they believe the evidence of the prosecuting witness and disbelieve that of the defendant and his witnesses. We do not feel at liberty to disturb the judgment on the sufficiency of the evidence.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.