**Walter Lee WILLIAMS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14987.**

Court of Criminal Appeals of Oklahoma.

March 19, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Duane Lobaugh, Asst. Attys. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Walter Lee Williams, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Burglary Second Degree. He was tried by a jury, found guilty, and his punishment left to the court, which subsequently sentenced him to three years in the penitentiary.

From the record, we find that defendant was charged with making forcible entry into the Grand Jewelry and Loan, 129 West Sheridan, Oklahoma City, Oklahoma, by means of heaving a brick through an outside window and did take certain property—6 watches—belonging to the said Grand Jewelry and Loan. The evidence presented, briefly, was as follows:

Vernon Lee Butler, a janitor at the Mutual Savings and Loan Building, on Robinson and Sheridan in Oklahoma City, was just closing up about 11:30 p. m. on March 6, 1968, when he heard glass break across the street at the Grand Jewelry and Loan Store. He saw a man, whom he identified as defendant, reach his hand in the window, then walk east on Sheridan, then turn between some buildings. There was a street light "right on the corner" and the jewelry store show cases were lighted.

Doretha Butler, the janitor's wife, was with him that evening, and testified that she saw a man, whom she identified as defendant, break the jewelry store window, and reach his hand inside, and then leave "real" quick. She called the police, who arrived in about five minutes, and shortly she saw defendant in police custody at the scene.

Officer Torres, of the Oklahoma City Police Department, was on duty that night and parked in the alley between Sheridan and Main, and saw defendant running north in the alley, turn right, emerge onto Broadway and turn north. About then the officer heard a radio broadcast of the burglary and pursued defendant. He came upon defendant at the southeast corner of Main and Broadway and saw him throw something down by the curb. He placed defendant under arrest, took him back to the scene of the burglary, and within two or three minutes returned to Main and

Broadway and retrieved the objects defendant had thrown down, six wrist watches.

The jeweler identified the six watches as coming from his display window.

Defendant denied the burglary, stating that he had been to the bus station on West Sheridan to inquire about a bus ticket to Detroit, returned to the Black Hotel to see a friend, went up Hudson to Main and then to Broadway where he was arrested. He denied ever having the watches or throwing anything down at Main and Broadway. He denied ever being in the alley.

■ Defendant's first contention of error is "Appellate Consideration of Evidence". This Court has carefully read the record herein, and find that there is sufficient evidence to sustain the verdict of the jury. We, therefore, rely on our holding in the recent decision of Humphrey v. State, Okl.Cr., 452 P.2d 590, handed down February 19, 1969, which states:

> "The credibility of the witnesses and the weight and value to be given their testimony is within the exclusive province of the jury to determine, and the jury may believe the evidence of a single witness upon a question of fact and disbelieve several others testifying to the contrary."

See, also, Queen v. State, 35 Okl.Cr. 412, 250 P. 935.

■ This Court is of the opinion that there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, and therefore, this Court will not interfere with the verdict, even though there is a conflict in the testimony. See, Williams v. State, Okl.Cr., 373 P.2d 91.

■ We are of the further opinion that the sentence is not excessive under the facts of this case, and well below the statutory maximum of seven years.

Therefore, the judgment and sentence of the trial court is affirmed.

BRETT, P. J., and BUSSEY, J., concur.