**Frank H. HICKS, Jr., Plaintiff in Error,**
v.
**The STATE of Oklahoma, Defendant in Error.**

**No. A–16714.**

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1971.

Alfred L. Bowman, Altus, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Frank H. Hicks, Jr., hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Jackson County, Oklahoma for the offense of Robbery with a Dangerous Weapon. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Glen Ledbetter testified that he and his wife went to Bubba D's, a tavern in Altus, Oklahoma, to check on some of his employees. He was introduced to the defendant at the tavern by the defendant's brother. Defendant persisted in asking Ledbetter for employment, until finally being warned by the proprietor of the establishment to leave Ledbetter alone. He testified that as he and his wife were leaving the tavern and getting into their pickup, the defendant approached him from behind, jerked the keys out of the ignition, and stuck a knife in his side, demanding that he give him his money. Ledbetter dismounted from the pickup and gave the defendant his billfold, wherein the defendant ran from the scene.

Mrs. Ledbetter testified substantially the same as her husband, with the exception that she did not see the knife.

James Jefferson testified that he was standing outside the tavern talking to some friends, wherein he observed the defendant grab Ledbetter and run from the scene. Jefferson also did not see a knife.

The defendant testified that he first met Ledbetter that afternoon in the tavern. He testified that he and Ledbetter had been engaged in an argument concerning defendant's employment. He left the tavern at approximately 8:30 o'clock p. m., and went to the Purple Inn. He denied robbing Ledbetter. He admitted prior convictions of Burglary in the Second Degree, Public Drunkenness, and numerous convictions for Assault and Battery. Defendant cites three specifications of error, only one of which we deemed to be of sufficient merit to warrant discussion in this Opinion.

Defendant argues that the total evidence is not sufficient to sustain the verdict in that testimony of the witness Ledbetter was not credible. Defendant further argues that the witness, Ledbetter, had two prior Felony convictions, and that the oth-

er two witnesses to the offense did not see a knife. We have previously held that the credibility of the witnesses and the weight and value to be given to their testimonies is within the exclusive province of the jury to determine, and that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Williams v. State, Okl.Cr., 452 P.2d 595.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT and NIX, JJ., concur.