**Michael Lee SWANSON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16597.**

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1971.

Jess Horn, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Michael Lee Swanson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Carrying a Concealed Weapon, After Former Conviction of a Felony. His punishment was fixed at seven (7) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that at approximately 6:00 o'clock p. m., on May 23, 1970, Floyd Dale Sterns was at the Day Room Tavern, located across the street from his residence. Sterns was a guest at a birthday party being given for one of the tavern employees. He testified that as he was leaving the tavern, the defendant entered. The bartender told the defendant that he was closing the club, and was not going to be able to serve him. The defendant and the bartender began arguing, and stepped outside. Sterns walked out of the tavern, and proceeded to a friend's house. He testified that he heard shooting, and walked around the corner, and observed the defendant running toward him with a .38 caliber revolver in his hand. The defendant stated, "I will shoot anybody that gets in my way." He testified that the defendant got into a black and white car, and drove away. On cross examination, he testified that he did not consume any alcoholic beverages in the tavern, and further, that he was within three or four yards of the defendant. He further testified that he had not seen the defendant prior to that date.

Edna Bittle testified that she was employed at the Day Room Tavern, and that somewhere between 5:30 and 6:00 o'clock p. m. on the day in question, she observed the defendant come inside the tavern. The owner told the defendant that they were closing, that he could not come in, and they walked outside and had an argument, and she heard a shot. She went to the door, and observed the defendant with a pistol. On cross examination, she stated that the birthday party was in her honor, and that she had consumed some beer. She did not recall what type clothing the defendant was wearing, but that he did have a beard. She further testified that she had not seen the defendant prior to that time.

Walter Ray Johnson testified that he was in the tavern at approximately 6:00 o'clock p. m., and that he observed the owner of the tavern and another bearded person shoving each other back and forth; he heard a gunshot, and then heard a man say, "If anybody moves, I will shoot them." He testified that the blonde-haired man with the beard had a small hand gun in his hand. He testified that he could not positively identify the person he saw with the beard. On cross examination, he testified that the gun looked something like a .45 caliber, only smaller. On recross examination, he testified that the gun he observed resembled a .38 snub-nosed.

Floyd Sterns was recalled as a witness and testified that on the day in question, the defendant was wearing a beard.

For the defense, Kimberly Swanson, age seventeen, testified that on May 23, 1970, she was visiting at a girlfriend's apartment near the Day Room Bar. She testified that as she was leaving her friend's apartment, a boy named Mike Smith ran past her up the stairs with a gun in his hand. Smith ran into the girlfriend's apartment, where she followed him, and observed him wipe the gun off with a piece of cloth, place it in his pants, and run back down the stairs. She described Mike Smith's physical appearance as resembling that of the defendant. She testified that she did not see the defendant in the vicinity, nor had she ever seen the defendant with a pistol. She testified that on the day in question, she had known the defendant for approximately two weeks, and that they were presently married.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that the credibility of witnesses, and the weight and

value to be given to their testimonies, is within the exclusive province of the jury to determine, and that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence, and to determine the facts. Williams v. State, Okl.Cr., 452 P.2d 595.

■ Defendant next asserts that the passion and prejudice of the jury was enhanced by the remarks of the prosecuting attorney, and by his exhibition of the gun to the jury, without any contention that the gun was the one that was allegedly possessed by the defendant. We need only to observe that the Transcript does not support the defendant's contentions. The Record reflects that the witness, Johnson, was shown a .38 snub-nosed gun, and asked to compare the same with the gun he observed in the bearded person's hand. The Record does not reflect that the weapon was shown to the jury, nor was any inference made that the weapon was the one that was possessed by the defendant on the day in question. We further observe that the closing arguments were not transcribed and made a part of the Record before this Court, and as such, there is nothing for this Court to review.

The final proposition asserts that "the defendant was charged with carrying a concealed weapon, and no attempt was made to prove that charge, but the state actually tried to prove the offense of a 'felon carrying a firearm.'" In dealing with a similar question in the recent case of Washington v. State, Okl.Cr., 481 P.2d 180, we stated:

"The language 'Carrying a Concealed Weapon, After Former Conviction of a Felony' is misleading, if not inaccurate. It sounds as if one who is carrying a concealed weapon, prohibited in 21 O.S. 1961, § 1271, has been charged under the subsequent felony offender statute 21 O. S.Supp.1970, § 51, to increase the punishment. However, since 'Carrying a Concealed Weapon' is a misdemeanor, the subsequent offender statute, 21 O.S. Supp.1970, § 51, cannot be invoked to enhance punishment.

"Rather, the offense is simply 'Carrying a Firearm by a Felon', prohibited in 21 O.S.1961, § 1283, which is a felony offense punishable from one (1) to ten (10) years. 21 O.S.1961, § 1284. The offense of a 'felon carrying a firearm' under § 1283 is not restricted to concealed items, but applies only to firearms and not weapons in general. As an example, a felony charge of 'Carrying a Concealed Weapon, After Former Conviction of a Felony' alleging defendant carried a knife would be defective.

"Although the information in the instant case charges 'Carrying a Concealed Weapon, After Former Conviction of a Felony' and the same language is used in the instructions and judgment and sentence, the specific charge is carrying a gun after defendant had been convicted of a felony. This states an offense under § 1283 and it is this statutory language given the jury. Where possible, an information should cite the statute by title and section which is the basis for the prosecution."

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.