Charles Ross HAYWOOD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18094.

Court of Criminal Appeals of Oklahoma.

July 26, 1973.

At the trial Ted McKee testified that on September 20, 1969, he was employed as a police officer for the City of Anadarko; that at approximately 10:45 p. m. he observed the defendant's car weaving back and forth across the road. He asked the defendant to step out of the car and observed the defendant was unsteady on his feet and his speech was incoherent. Defendant was placed under arrest and transported to the Sheriff's Office whereupon the defendant consented to take a breathalyzer test. He testified that he advised the defendant that he had his choice to take a breathalyzer test, a blood test or to have his license suspended. A fifth of Thunderbird wine was found in the defendant's vehicle. In his opinion the defendant was "drunk." On cross-examination he admitted testifying at defendant's prior trial that he did not advise the defendant that he had the right to take a blood test.

Harvey Bacon testified that he was employed as an Anadarko Police Officer on the evening in question and was patrolling with Officer McKee. He observed the defendant's vehicle cross back and forth across the center of the road. Defendant was placed under arrest and advised of his "constitutional rights" by Officer McKee. He testified that in his opinion defendant was intoxicated.

Russell Taylor testified that on the evening in question he was employed as a trooper with the Oklahoma Highway Patrol. He advised the defendant of the "Miranda warning" and his "chemical test rights." The defendant voluntarily submitted himself to a breathalyzer test. The subsequent test resulted in a reading of .19.

The defendant testified that he had "about three drinks" of whiskey. Defendant testified that he was not "too drunk" and that the car wobbled because of a bad front-end.

Justus Hefley, Anadarko, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Charles Ross Haywood, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Caddo County, Case No. CRT–69–1545, for the offense of Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor, his punishment was fixed at ten (10) days in the county jail and a one hundred dollar ($100) fine, and from said judgment and sentence, a timely appeal has been perfected to this Court.

■ The first proposition asserts that the trial court failed to strike prejudicial testimony of the State's witnesses when so moved by defense counsel. Defendant

argues that the trial court should have struck the testimony of Officer McKee for the reason that McKee had previously testified that he had not advised the defendant of his right to take a blood test. We are of the opinion that the trial court properly submitted the question of credibility of the witnesses to the jury. See Williams v. State, Okl.Cr., 452 P.2d 595.

██ Defendant next argues that Trooper Taylor did not testify that he advised the defendant that he could refuse either test. The record reflects that Trooper Taylor testified on direct examination that he advised the defendant of his "chemical test rights." On cross-examination Trooper Taylor testified as follows:

"A. . . . and at this point I advised the subject of his rights.

"Q. And what rights did you advise him of at that time?

"A. I asked him did he want to take the test? That he had a right to take it and read him the little card that we have that we carry in our pockets at all times. Which . . . do you want me to read it?

"Q. Oh, no . . no, I don't want you to read it. Now are you sure that you testified that November 20th that you read him his rights, Mr. Taylor?

"A. Yes, sir." (Tr. 29)

We therefore find this proposition to be without merit.

██ The final proposition contends that the court erred in refusing to give defendant's requested instructions. We have carefully examined the instructions and are of the opinion that considered as a whole they fairly and correctly state the law applicable to the case. In Kerr v. State, Okl.Cr., 276 P.2d 284, we stated in the third Syllabus:

"It is not error to refuse requested instructions which are proper statements of the law when such requested instruc-

tions are substantially covered by the instructions given by the court."

Judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.