Raymond A. WALLACE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-77-103.

Court of Criminal Appeals of Oklahoma.

April 15, 1977.

Michael R. Chaffin, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Raymond A. Wallace, hereinafter referred to as defendant, on the 11th of February, 1976 plead guilty to the charge of Burglary, Second Degree, in the District Court, Comanche County, Case No. CRF-75-941. Punishment was assessed at five (5) years' imprisonment, with all but the first year suspended.

On August 31, 1976, a combined preliminary hearing and revocation of suspended sentence hearing was held, by agreement of the parties, defendant being charged with the crime of Robbery By Force and Fear. As a result of this hearing, the defendant was bound over for trial on the charge, and additionally the suspended sentence in Case No. CRF-75-941 was revoked. On November 8, 1976, a hearing on the defendant's petition to re-hear his revocation was had. The court denied the defendant's petition. On November 22nd, the defendant was acquitted of the charge of Robbery By Force and Fear by a jury. From the order revoking his suspended sentence in Case No. CRF-75-941, defendant has perfected a timely appeal to this Court.

The State's first witness at the combined preliminary and revocation hearing on August 31, 1976, was Rick R. Schooler, a Marine, stationed at Fort Sill. He stated that on July 24, 1976, shortly after midnight, he and a companion were robbed by defendant in a field behind some stores in Lawton, Oklahoma. The defendant threatened the victims as if he had a gun, and ordered them to lie down. The defendant then removed the witness's wallet taking money therefrom. Other monies were taken from the witness's front pocket. The other victim had no money, so the defendant kicked him. The defendant then ran away, after throwing the witness's wallet on the ground. The victims chased and caught the defendant, but defendant escaped after a struggle in which his jacket and his own wallet and the money which he had stolen were left behind. The witnesses retrieved the defendant's wallet immediately after he escaped. The police were called from a nearby home. The following morning witness also retrieved defendant's jacket and his own money and wallet. The witness turned the defendant's wallet over to a police officer, who corroborated witness's testimony on this point.

The defendant took the stand on his own behalf. His testimony was that he did not rob Schooler, but that Schooler robbed him. The defendant stated that he was approached by individuals who asked him if he would sell Schooler and his companion barbiturates. The defendant stated he engaged in a conversation with Schooler and his companion as to price. Schooler and his companion first purchased four "reds", after which defendant left their company. They followed the defendant and inquired about purchasing 100 pills which defendant had indicated that he had for sale. An agreement was reached and money and pills changed hands. The defendant then stated that Schooler and his companion attacked

him, took back their money, took the defendant's wallet and the money therein, and struck the defendant several blows. The defendant ran away. Later that evening he went to a hospital, records showing this were then introduced into evidence.

Rick Schooler was re-called by the State, and denied buying pills from the defendant or robbing him.

■ In his first and second assignments of error defendant asserts various errors in the admission of evidence, of testimony, and the casting of evidentiary harpoons by the prosecutor and the witnesses. We need only note that no objections were made by the defendant to any of his assigned errors. Such failure constituted a waiver, as errors cannot be raised for the first time on appeal. *Williams v. State,* Okl.Cr., 542 P.2d 554 (1975).

■ In his third assignment of error the defendant asserts that the revocation of the remaining four (4) years of his sentence in Case No. CRF-75-941 was excessive, especially in view of his subsequent acquittal on the robbery charge. This contention is without merit. The decision to revoke the suspended sentence in whole or only in part lies within the discretion of the trial court whose decision we will not disturb absent an abuse thereof. *Kincannon v. State,* Okl. Cr., 541 P.2d 1339 (1975). In *Phipps v. State,* Okl.Cr., 529 P.2d 998 (1974), we noted that the standard of proof in a revocation hearing, a "preponderance of the evidence," is less than "beyond a reasonable doubt," the standard required in a criminal trial.

■ In the present case we note that though the evidence presented at the hearing was highly conflicting, there was sufficient evidence to support the court's finding that defendant was guilty of a violation of the terms and conditions of his suspended sentence. Additionally, by the defendant's own testimony he admitted selling barbiturates; this standing alone would have supported the trial court's revocation of the suspended sentence. We are of the opinion and therefore hold that the court did not abuse its discretion in revoking and re-

manding four (4) years of the defendant's sentence.

For the foregoing reasons, the revocation of defendant's sentence in Case No. CRF-75-941 is *AFFIRMED.*

BLISS and BRETT, JJ., concur.