**Jimmie Lee HENDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–77–301.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1977.

As Corrected Sept. 9, 1977.

John T. Elliott, Public Defender, John M. Stuart, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

OPINION

PER CURIAM.

Appellant, Jimmie Lee Henderson, hereinafter referred to as defendant, entered a plea of guilty to the charge of Attempt to Kidnap on December 10, 1975, in the District Court, Oklahoma County, Case No. CRF–75–3073. His punishment was fixed at a term of four (4) years' imprisonment, with the same being suspended upon the condition that defendant obey the rules of probation set forth by the sentencing court. Thereafter, an application to revoke said suspended sentence was filed by the State, alleging that the defendant had violated the terms and conditions of his probation, specifically that he had committed the crime of Burglary in the Second Degree, After Former Conviction of a Felony. After a hearing the defendant's suspended sentence was revoked. From said order of revocation defendant has perfected a timely appeal to this Court.

At the close of the jury trial on the Burglary charge alleged as a basis for this revocation of suspended sentence, the same judge who presided over the trial revoked defendant's suspended sentence in the case at bar; this was done by stipulation; that is, the attorneys stipulated "that this Court may consider evidence that it heard during the trial of CRF–76–2173 [the burglary charge] for purposes of this revocation."

The defendant contends in his only assignment of error that the trial court abused its discretion by revoking defendant's suspended sentence. We find this proposition to be without merit.

Violations of the conditions of a suspended sentence need only be shown by a

preponderance of the evidence. *Allison v. State,* Okl.Cr., 562 P.2d 883 (1977). A preponderance of the evidence has been defined by this Court to mean simply the greater weight of evidence. *Queen v. State,* 35 Okl.Cr. 412, 250 P. 935 (1925). Preponderance was also defined in the case of *Peyton v. McCaslin,* Okl., 417 P.2d 316 (1966), to mean that which, to the mind of the trier of fact or the seeker of the truth, seems most convincing and more probably true.

Moreover, this Court has also consistently held that the decision to revoke the suspended sentence in whole or in part lies within the discretion of the trial court, and absent an abuse thereof the trial court's decision will not be disturbed. *Wallace v. State,* Okl.Cr., 562 P.2d 1175 (1977). The evidence produced by the State and stipulated to by defense not only could have been interpreted as of greater weight, but also could have been deemed more probably true than not by the trial judge reviewing this evidence. Therefore, no abuse of discretion by the trial court is apparent from the record.

For the above and foregoing reasons, the revocation of defendant's suspended sentence in Case No. CRF–75–3073, is *AFFIRMED.*

BRETT, J., concurs in results.