**Brent Volcey FIELDS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–81–276.**

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1982.

Rehearing Denied Feb. 25, 1982.

Johnie O'Neal, Asst. Public Defender, Tulsa County, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Brent Volcey Fields, has appealed to this Court from a revocation of three years of his suspended sentences in Tulsa County District Court, Cases No. CRF–78–2613, Uttering a Forged Instrument; CRF–79–553, Larceny of an Automobile; and, CRF–79–557, Unauthorized Use of a Vehicle. The appellant asserts two assignments of error.

In his first assignment of error, the appellant argues that the State failed to present sufficient evidence to warrant the revocation of his suspended sentences. However, the appellant's argument is not

well taken. In his brief, he admits that it was stipulated that if the witnesses who testified in CRF–80–1114, in which he was convicted of Grand Larceny and received a twenty (20) year sentence, were called, they would testify the same. Based on the stipulation of the evidence and the resulting jury conviction in CRF–80–1114, the suspended sentences in CRF–78–2613, CRF–79–553, and CRF–79–557 were revoked.

The circumstances are analogous to those in the case of *Henderson v. State*, 568 P.2d 297 (Okl.Cr.1977), in which this Court affirmed the revocation of a suspended sentence. In that case we stated:

Violations of the conditions of a suspended sentence need only be shown by a preponderance of the evidence. *Allison v. State*, 562 P.2d 883 (Okl.Cr.1977). A preponderance of the evidence has been defined by this Court to mean simply the greater weight of evidence. *Queen v. State*, 35 Okl.Cr. 412, 250 P. 935 (1925). Preponderance was also defined in the case of *Peyton v. McCaslin*, 417 P.2d 316 (Okl.1966), to mean that which, to the mind of the trier of fact or the seeker of truth, seems most convincing and more probably true.

Moreover, this Court has also consistently held that the decision to revoke the suspended sentence in whole or in part lies within the discretion of the trial court and absent an abuse thereof the trial court's decision will not be disturbed. *Wallace v. State*, 562 P.2d 1175 (Okl.Cr. 1977). The evidence produced by the State and stipulated to by defense not only could have been interpreted as of greater weight, but also could have been deemed more probably true than not by the trial judge reviewing this evidence.

No abuse of discretion by the trial court is apparent from the record; therefore, this assignment of error is without merit.

In his second and final assignment of error, the appellant alleges that the trial court was without jurisdiction to conduct a revocation hearing because more than twenty (20) days had passed since the appellant's arrest on the application to revoke, in violation of 22 O.S.Supp.1980, § 991b. The arrest mentioned in the statute refers to the arrest for the probation violation, and not the arrest for the criminal offense which served as the basis for the probation revocation as set forth by the appellant in his allegation of error. The appellant contends that the statute requires a revocation within twenty (20) days after the convict's arrest on any charge which might afford a basis for revocation. In *Wilson v. State*, 621 P.2d 1173 (Okl.Cr.1980), this Court found this argument to be without merit. Arrest, under section 991b, was given a narrow definition as we stated that:

We are persuaded that the 'arrest' referred to in § 991b refers to an arrest on a warrant for violation of probation, or deferred or suspended sentence, conditions.

Accordingly, this assignment of error is without merit.

For the above and foregoing reasons, the revocation of the suspended sentences appealed from is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.