**David CHAMBERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O-80-811.**

Court of Criminal Appeals of Oklahoma.

Aug. 10, 1982.

David Luther Woodward, Sp. Counsel Appellate Public Defender Project, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan McNaughton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, David Chambers, pleaded guilty to Feloniously Pointing a Weapon, After Former Conviction of a Felony, in Texas County District Court. He received a sentence of ten (10) years' imprisonment, seven (7) of which were suspended by the trial judge. On May 27, 1980, the State filed a petition to revoke Chambers' suspended sentence. Pursuant to a hearing held on June 13, 1980, the district court revoked the appellant's suspended sentence.

The facts leading to the appellant's revocation are somewhat involved. On April 3, 1980, a police-operated ambulance was summoned to the appellant's Guymon home to aid Corbin Kibler who had taken an overdose of drugs. Kibler was transported to the hospital and the appellant was asked to aid in determining what drugs had been taken. At the hospital, the appellant became belligerent, apparently due to a state of inebriation, and he was placed under

arrest for public intoxication. A vial containing two amphetamines was confiscated from his shirt pocket. Chambers then turned to a companion and told her to "get rid of the amphetamines."

Subsequently, based on these facts, a warrant was issued authorizing police to search Chambers' home. During the search, several containers of marijuana were discovered along with several devices used in the processing and preparation of marijuana and hashish.

Later, on May 23, 1980, the appellant was involved in a traffic accident. When police arrived to investigate, Chambers was incoherent and was having difficulty walking. A strong odor of alcohol emanated from within the appellant's automobile leading the investigating officer to believe that he was intoxicated. Chambers was placed under arrest for driving under the influence of alcohol. A wrecker was summoned to tow away his car. Prior to the time the wrecker arrived, the contents of Chambers' car were inventoried. Among various articles found in the car, police discovered forty-nine (49) amphetamine capsules and a small quantity of marijuana seeds.

Based on these incidents, the State filed an application to revoke the appellant's suspended sentence alleging that he had committed the crimes of possession of marijuana with intent to distribute, driving under the influence of drugs, and possession of unlawful amphetamines on two occasions. After a hearing, a demurrer to the charge of driving under the influence of drugs was sustained. The appellant was found to have committed the remainder of the charges and his suspended sentence was revoked.

The principle issue involved in this appeal concerns the admission of evidence seized in an allegedly improper search.

■ Initially, the State argues that the Fourth Amendment exclusionary rule should not be applied to revocation proceedings.[1] This issue was resolved in *Michaud v. State*, 505 P.2d 1399 (Okl.Cr.1973). We find that the reasoning expressed in *Michaud*, supra, i.e. that the exclusionary rule applies to revocation hearings is still viable in this jurisdiction.

The appellant's challenge to the May 23, 1980, inventory search of his car may be reduced to the contention that the arrest for driving under the influence of alcohol and the subsequent impoundment and inventory of his car served as a mere pretext to allow the police to search the car. He argues that since his head had struck the windshield of his car during the accident, his post-accident incoherence was not necessarily due to intoxication. Further, citing *Bowen v. State*, 606 P.2d 589 (Okl.Cr.1980), the appellant contends the search, in this case, was not sufficiently comprehensive to support the State's assertion that the search was an inventory of the car's contents.

■ In regard to the appellant's first contention, we believe the Guymon police officer had sufficient reason to place the appellant under arrest. At the time of the arrest, it was apparent that the appellant's car had rammed into the side of another automobile under inexplicable circumstances. The appellant appeared incoherent and the odor of alcohol was detected within the car. Under these circumstances it was reasonable to believe that the appellant was intoxicated. This is not altered by the fact that he had struck his head during the collision since that would only account for the appellant's incoherence but not his erratic driving nor the smell of alcohol. Finally, the subsequent dismissal by the hearing judge of the DUI charge does not discount the propriety of the arrest since the judge had the benefit of laboratory tests which indicated the absence of drugs or alcohol. Accordingly, based upon the facts before the officer at the time, probable cause supported the appellant's arrest for driving under the influence of alcohol.

■ With the appellant properly under arrest, no one was immediately available to operate his car which was stalled in the middle of the intersection. Even if some-

---

1. See Annot. 77 A.L.R.3d 636 (1977).

one had been available, it appears the car was inoperable. Under these circumstances, the only proper action was to impound the car and remove it from the path of traffic.

Finally, the inventory of the contents of the car was proper. We have previously upheld inventory searches of impounded automobiles, if conducted pursuant to a standard police practice. *Lamb v. State*, 561 P.2d 123 (Okl.Cr.1977). It is uncontradicted that the instant inventory was conducted in accord with a standard procedure established by the Guymon Police Department. Moreover, as the hearing judge noted, the inclusion of "suitcases, bottles of beer, cam oil," among other items listed in the inventory record indicates a good faith inventory of the car's contents. Therefore, we decline to hold improper the admission of evidence obtained during this inventory search.

As a result of the inventory of the contents of the appellant's car, the police uncovered convincing evidence that the appellant had possessed controlled dangerous drugs in violation of the terms of his suspended sentence. Based on this evidence, we believe the hearing judge was justified in revoking his suspended sentence regardless of any other violations which occurred. *Wallace v. State*, 562 P.2d 1175 (Okl.Cr. 1977); *Woods v. State*, 526 P.2d 944 (Okl.Cr. 1974). Accordingly, we need not decide the propriety of the April 3, 1980, search of the appellant's house because, even assuming the search was improper, the error in admitting the evidence was harmless.

The appellant also alleges error in the admission of the inventory report which resulted from the search of his automobile and certain laboratory reports issued by the Oklahoma State Bureau of Investigation. These reports, he argues, are hearsay evidence and their admission constitutes reversible error.

Initially, we note that the only OSBI reports contained in the record are those introduced by the appellant reflecting the absence of drugs or alcohol in his blood-stream on May 23, 1980. It is manifest that a defendant may not complain of error which he committed or invited. *Willingham v. State*, 549 P.2d 350 (Okl.Cr.1976). Thus, we find no merit in the contention that the OSBI reports were improperly admitted.

Similarly, the admission of the police record of the inventory search also fails to present reversible error since this report was not hearsay evidence.

Title 12 O.S.1981, § 2801(3) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Thus, despite the fact that a statement may be that of an out-of-court declarant, the purpose for which the statement is offered must be reviewed. If the purpose for which it is offered is not to establish any assertions made by the challenged evidence, it is not hearsay.

In this instance, the inventory report established that various items, including quantities of controlled, dangerous drugs were found in the appellant's car. Therefore, if the report was offered to show that the drugs were, in fact, discovered within the car, we would be compelled to hold the evidence inadmissible as hearsay, see, 12 O.S.1981, § 2083(8)(a). However, we believe the evidence was offered in reference to a far more important issue: whether the inventory was in good faith or merely served as a pretext to allow police to search the car. As noted above, the appellant vigorously contested the propriety of the inventory search. Only through a review of the entire inventory record was the hearing judge able to determine the propriety of the inventory search. Accordingly, we believe the lower court properly admitted the inventory record for its consideration.

Finally, the appellant urges that deviations between the State's charging instrument and the district court's conclusions of fact require reversal of the trial court's action. We merely note that any differences between the two instruments which

may be found were minor and did not deprive the appellant of notice of the charges against him. Accordingly, the order revoking the appellant's suspended sentence is AFFIRMED.

BRETT, P. J., specially concurs.

BUSSEY, J., concurs in results.

BRETT, Presiding Judge, specially concurring:

I agree that the appellant's conviction must be affirmed. However, I can not agree with the opinion's treatment of the admission of the inventory report which resulted from the search of the automobile. Contrary to the statement in the majority opinion, the inventory report was offered to show that the drugs were, in fact, discovered within the car. Therefore, the inventory report was hearsay and, as such, inadmissible pursuant to 12 O.S.1981, § 2803(8)a. However, defense counsel failed to object to the admission of the report as being hearsay, and further, I find its admission was harmless error because it was merely cumulative. The policeman who took the inventory testified, therefore the appellant was not denied the right to confrontation of witnesses and the actual drugs found in the car were also introduced into evidence.