**Tracie Lenise McGUIRE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. 0–84–606.

Court of Criminal Appeals of Oklahoma.

July 1, 1986.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

Johnie O'Neal, Asst. Appellant Public Defender, Tulsa, for appellant.

OPINION

PARKS, Presiding Judge:

The appellant, Tracie Lenise McGuire, pled guilty in the District Court of Tulsa County, Case No. CRM–83–1125, to four counts of Possession of Stolen Credit Cards and one count of Uttering a Forged Instrument. The judge set punishment at five, two (2) year sentences to run concurrently, with all five sentences suspended subject to rules and conditions of probation. An Application to Revoke Suspended Sentence was filed on the basis of the appellant's alleged commission of the offense of Larceny of Merchandise from a Retailer. The trial court revoked the appellant's suspended sentence. We affirm.

The appellant was shopping, along with a companion, at a local, retail clothing store in Tulsa, on August 24, 1983. A sales clerk at the store pointed out several dresses to

the appellant. When the appellant failed to respond favorably to the dresses, the clerk went about other business. The store manager thereafter noticed the appellant crouching behind a clothing rack. The manager continued to watch the appellant until she left the store. After the appellant left, the manager noticed a hanger lying on the floor, and two empty hangers remaining on the rack.

Both the store manager and clerk followed the appellant out of the store. The appellant failed to stop and talk to the store personnel. She thereafter entered her car and drove off, leaving her companion behind. The store clerk wrote down the license tag number of the appellant's vehicle and returned to the store and called security.

At the revocation hearing, the clerk testified that the dress she had shown the appellant was one of three dresses missing upon returning to the store. The store manager also stated that three dresses were missing upon returning to the store. Neither the clerk nor the manager saw the appellant actually take the merchandise. There was testimony elicited by the defense which stated that a friend of the appellant's was in possession of her car on the day in question. The appellant also testified that she did not have her car on the day in question.

The appellant raises a single assignment of error before this Court. She contends that the trial court's decision is contrary to the evidence. We disagree. The appellant correctly states that a decision to revoke a suspended sentence lies within the discretion of the trial court, whose discretion will not be disturbed absent an abuse of discretion. *Wallace v. State,* 562 P.2d 1175 (Okl. Cr.1977). Moreover, this Court has held that the State's burden of proof in a revocation hearing is only a preponderance of the evidence. *Id.* This Court has further defined preponderance of the evidence as "that which, to the mind of the trier of fact or the seeker of truth, seems most convincing and more probably true." *Fields v. State,* 640 P.2d 990, 991 (Okl.Cr.1982),

quoting *Henderson v. State,* 568 P.2d 297, 298 (Okl.Cr.1977). We find that such revocation of the appellant's suspended sentence was not an abuse of discretion. Furthermore, the evidence against the appellant was "most convincing and probably true." *Id.* Accordingly, this assignment of error is without merit.

Therefore, the Order revoking the suspended sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.