**Nathan Addison LENTZ, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–90–0603.**

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1991.

## ORDER

Appellant was convicted of Possession of Stolen Vehicle, After Former Conviction of One Felony, and was sentenced September 23, 1985, to a five (5) year term with said time suspended, thereby subjecting the Appellant to probation, in Case No. CRF–85–2308 in the District Court of Tulsa County. Appellant's suspended sentence was revoked December 6, 1989, by the Honorable Clifford E. Hopper. The Appellant has appealed the revocation of his suspended sentence to this Court alleging the revocation hearing was not held within twenty (20) days of the Appellant's arrest as required by 22 O.S.1981, § 991b, and that insufficient evidence existed to support revocation because the judgment and sentences used as the basis to revoke were not proved to be final.

Pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 11.2, this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument February 7, 1991, pursuant to Rule 11.5(c). At the conclusion of oral argument, the parties were advised of the decision of this Court.

The language of § 991b is very clear. The revocation hearing shall be held within twenty (20) days from the date of arrest. The arrest mentioned in the statute refers to the arrest for the probation violation, and not the arrest for the criminal offense which serves as the basis for the probation revocation. *Fields v. State*, 640 P.2d 990 (Okl.Cr.1982). In the case before this Court, the hearing was not scheduled to be held within twenty (20) days from the date of Appellant's arrest for the probation violation.

Furthermore, at the revocation hearing the State failed to prove the finality of the judgment and sentences used as the basis for revocation. This Court has held that when the State chooses to prove a judgment and sentence rather than the underlying crime as a predicate for revocation of a suspended sentence, it must offer strict proof of the finality of the predicate judgment and sentence. *Pickens v. State*, 779 P.2d 596 (Okl.Cr.1989). In this case the State called Appellant to testify and elicited from him the fact that he had entered a plea of guilty to the alleged subsequent crimes. There was no evidence produced to show that Appellant had failed to attempt to withdraw pleas or appeal the convictions.

IT IS THEREFORE THE ORDER OF THIS COURT, by a four to zero vote, that the order of the District Court of Tulsa County revoking the suspended sentence of Appellant in Case No. CRF–85–2308, should be, and the same hereby is, REVERSED and REMANDED with instructions to DISMISS. Appellant's five year suspended sentence expired September 23, 1990.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE, Presiding Judge

/s/ Tom Brett
TOM BRETT, Judge

/s/ Ed Parks
ED PARKS, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge