Dear Representative Askins
¶ 0 This office has received your request for an Attorney General's Opinion in which you posed the following two questions regarding the Oklahoma Truth in Sentencing Act, 1997 Okla. Sess. Laws ch. 133:
 1. Is the "clear and convincing evidence" standard constitutional in regards to use of offense enhancers pursuant to Sections 8 and 19?
 2. Is the "clear and convincing evidence" standard an appropriate constitutional standard for proof of the aggravating circumstances for sentencing under Schedule S-1, 1997 Okla. Sess. Laws ch. 133, § 6(A)(19), codified as 21 O.S. Supp. 1997, § 16(A)(19)?
 DISCUSSION OF TRUTH IN SENTENCING ACT
¶ 1 The Oklahoma Truth in Sentencing Act, 1997 Okla. Sess. Laws ch. 133 ("the Act") institutes an entirely new method for determining the range of punishment for crimes committed after July 1, 1998. Id. § 2(A). For crimes committed before this date, the statute which defines the criminal act usually specifies the range of punishment. If a pre-Act statute has no specific penalty provision, the punishment range for a felony crime is set pursuant to 21 O.S. 1991, § 9[21-9] and the misdemeanor punishment range is set pursuant to 21 O.S. 1991, § 10[21-10].
¶ 2 Identifying the punishment range for any crime committed after July 1, 1998, is a multi-step process. First, the Act labels all crimes with alphanumeric designations called "schedules." For example, kidnapping is designated as a Schedule D-1 offense, pursuant to 21 O.S. Supp. 1997, § 16[21-16](C)(5). A sentencing matrix table provides nine different levels of punishment for each schedule.[1]
¶ 3 Which of the nine punishment levels is applicable to the individual being sentenced is determined by the presence or absence of what are termed "enhancers." The Act sets forth two types of enhancers: offense enhancers and prior record enhancers. Offense enhancers, as defined at Section 7(A) of the Act, are based on the manner in which the crime was committed. 21 O.S.Supp. 1997, § 17[21-17](A). Offense enhancers include what are commonly referred to as aggravating circumstances. Prior record enhancers, defined at Section 7(B) of the Act, are based on the defendant's prior criminal history. 21 O.S. Supp. 1997, § 17[21-17](B).
¶ 4 As your inquiry notes, Sections 8 and 19 of the Act require the presence of an enhancing factor to be established by "clear and convincing evidence." Section 8, codified at 22 O.S. Supp.1997, § 990a-1[22-990a-1], sets the procedure for sentencing for crimes committed after July 1, 1998.[2] Subsection (C) states:
 1. First, the court shall determine the schedule of the current offense of conviction on the applicable matrix;
 2. Second, the court shall determine the midpoint within the range for the first level of the schedule. The court shall use the midpoint value plus or minus an amount not to exceed twenty percent (20%) of the midpoint value to determine the amount of time to be assessed at level 1;
 3. Third, the court shall proceed to the appropriate level of punishment based on the finding of any offense enhancers or prior record enhancers
determined by subsection A of this section; and
 4. Fourth, the court may deviate from the sentence arrived at pursuant to paragraphs 2 and 3 of this subsection if the sentence pronounced is within the range allowed for the applicable level. The court must articulate a reason for the deviation in the record. A deviation in sentencing shall be subject to appeal by either the state or the defendant. . . .
22 O.S. Supp. 1997, § 990a-1[22-990a-1](C) (emphasis added).
¶ 5 Section 19 of the Act deals with the contents required in presentence reports. It reiterates, at subsection C, that the existence of any offense enhancers or prior record enhancers must be established by "clear and convincing evidence." 22 O.S. Supp.1997, § 982[22-982](C).
¶ 6 In the hierarchy of standards of proof, the highest burden is proof "beyond a reasonable doubt." Each element of a criminal offense must be proven beyond a reasonable doubt before a person can be convicted of a crime. Ledbetter v. State, 933 P.2d 880,897 (Okla.Crim.App. 1997). "Clear and convincing" evidence, defined as "that which supports a conclusion free from serious or substantial doubt of correctness," is an intermediate standard.Scribner v. Hillcrest Medical Center, 866 P.2d 437, 441 n. 10 (Okla. 1992). The lowest, or least stringent standard, is referred to as proof by a "preponderance of the evidence." This standard is defined as proof which "seems most convincing and more probably true." Fields v. State, 640 P.2d 990, 991
(Okla.Crim.App. 1982).
 I.
¶ 7 Your first question asks whether it is constitutionally permissible to use the "clear and convincing" standard of proof for enhancers as listed in Sections 8 and 19 of the Act. Because this type of sentencing scheme has never been used in Oklahoma, no Oklahoma court decisions address the constitutionality of this standard in the criminal sentencing context. However, the United States Supreme Court has examined the constitutional requirements of the standard of proof needed to establish factors which can enhance the severity of a criminal sentence. The high Court has decided that such factors need only be established by a "preponderance of the evidence." McMillan v. Pennsylvania,477 U.S. 79 (1986).
¶ 8 The McMillan court noted that "[s]entencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all." Id. at 91. The Court explained that the burden of proof requirement in criminal sentencing is much less stringent because it takes place only after a defendant has been adjudged guilty beyond a reasonable doubt. Id. at 86. Citing Patterson v. New York, 432 U.S. 197
(1977) the McMillan court noted that:
 [I]t is normally "within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."
477 U.S. at 85, quoting Patterson v. New York,432 U.S. at 201-202 citing Speiser v. Randall, 357 U.S. 513, 523 (1958) (citations omitted).
¶ 9 The majority of circuit courts which have addressed the issue also find that "preponderance of the evidence" is the appropriate standard for establishing a sentencing enhancer.United States v. Watts, ___ U.S. ___, 117 S.Ct. 633, 634,136 L.Ed.2d 554 (1997). Those not in agreement generally advocate use of the higher "clear and convincing" standard. Likewise, the vast majority of state courts have determined that enhancing factors need only be determined by a "preponderance of the evidence" standard.
¶ 10 State constitutional protection with regard to the criminal process resides within the Bill of Rights, located at Article II of the Oklahoma Constitution. The Oklahoma Constitution has not been construed as extending constitutional protection as to the manner in which a person is sentenced under criminal statutes beyond those afforded in the United States Constitution. Both federal and state courts tell us that the "clear and convincing" standard of proof for offense enhancers is greater than that which is required by the United States Constitution. Id.
 II.
¶ 11 Your second inquiry relates to the use of "aggravating circumstances" for sentencing on a Schedule S-1 offense. Section 6(A)(19) of the Act, referenced in your second inquiry, lists six "aggravating factors." If one or more of these six factors can be established by "clear and convincing" evidence, the Schedule S-2 offense is converted to the more serious Schedule S-1 designation. Schedule S-2 offenses, as defined at Section 6(A)(20) of the Act are: forcible sodomy, first degree rape, and first degree rape by instrumentation. 21 O.S. Supp. 1997, §16[21-16](A)(20).
¶ 12 The enhancers used in the context of a Schedule S-1 offense differ from those used in other crimes, in that they can move the defendant to a higher schedule designation, not just a higher level within the schedule. Constitutionally, this is truly a distinction without a difference. Courts have held that even enhancers which can greatly increase the length of a sentence are still able to be established by only a "preponderance of the evidence." For example, an offense enhancer which increased a defendant's sentencing range from approximately twenty years to consecutive forty year terms, only required proof by a preponderance of the evidence to pass constitutional muster.United States v. Segien, 114 F.3d 1014, 1020 (10th Cir. 1997), citing United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993). A minority of circuit courts, finding that a potential increase from a sentencing enhancer is too substantial to be proven by only a "preponderance of the evidence," turns to the intermediate standard of "clear and convincing" evidence.United States v. Kikumura, 918 F.2d 1084, 1102 (3d Cir. 1990).
¶ 13 Only when legislation attempts to recast an element of the crime itself as an enhancer, can it run afoul of the constitutional protections afforded an accused person. As long as all of the elements of the crime itself must be proven beyond a reasonable doubt, subsequent factors which can significantly increase the convicted persons sentence can use a lesser standard of proof. McMillan, 477 U.S. at 86. The elements of the underlying Schedule S-2 crimes were not changed by the Act. Each element must still be proven beyond a reasonable doubt. Therefore, as with the other enhancers in the Act, the clear and convincing standard of proof is more than sufficient to protect the convicted person's constitutional rights when being sentenced at a Schedule S-1 level for a Schedule S-2 offense.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 It is constitutionally permissible to use the "clear and convincing evidence" standard to establish the existence of sentencing enhancers under the Oklahoma Truth in Sentencing Act.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 WILLIAM R. HOLMES ASSISTANT ATTORNEY GENERAL
[1] The Schedule A designated crime of First Degree Murder is excluded from the sentencing matrix.
[2] With the exception of death penalty cases, jury sentencing is eliminated in the Act.